UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA TAILO,

    Plaintiff,

v.                                                       CASE NO.: 8:12-cv-1649-T-23AEP

RUBY TUESDAY, INC.,

    Defendant.
_____/

**ORDER**

    For failure to invoke subject matter jurisdiction, a November 9, 2012, order (Doc. 16) remands this action under 28 U.S.C. § 1447(c) to the Circuit Court for Polk County, Florida.  Ruby Tuesday, Inc., moves (Doc. 18) to reconsider.

    Effective immediately upon the issuance of the remand order, the action returns to, and immediately resides in, state court.  No action in which to reconsider remand remains in federal court. *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999) ("[A] remand to state court divests a district court of jurisdiction such that it may not take any further action on the case.")).

    Also, an order remanding a case under Section 1447(c) "is not reviewable onappeal or otherwise."  28 U.S.C. § 1447(d); *Thermtron Products, Inc. v.*

*Hermansdorfer*, 423 U.S. 336 (1976).  Thus, Section 1447(d) bars review in either the district or the appellate court of the earlier remand.  *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011); *Harris v. Blue Cross Blue Shield of Alabama, Inc.*, 951 F.2d 325, 330 (11th Cir. 1992) ("Unquestionably, [Section] 1447(d) not only forecloses appellate review but also bars reconsideration by the district court of its own remand order.").  The motion (Doc. 18) is **DENIED**.

ORDERED in Tampa, Florida, on November 15, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE